SHIRLEY YOUNGER, individually )
and on behalf of DAVID YOUNGER, )
deceased, )
 )
    Plaintiff, )
 )
vs. )
 )
CANDELARIO CASTILLO and SPIRIT, )
TRUCK LINES, INC., )
 )
    Defendants. )
 )

Docket No.: 16CV26

Jury Demand (6)

## COMPLAINT

Comes now Plaintiff, Shirley Younger, individually; and on behalf of her husband David Younger, deceased; by and through counsel, and hereby files this Complaint against Defendants Candelario Castillo and Spirit Truck Lines, Inc., (collectively referred to as "Defendants") for cause of action would show the Court as follows:

### PARTIES

1. The basis of this lawsuit arises from the wrongful and preventable death of Plaintiff-Decedent David Younger, deceased, when he was killed in a violent collision on April 28, 2016, at the age of sixty-five (65). David Younger left behind a family, consisting of wife, Plaintiff Shirley Younger, two children and four grandchildren.

2. Plaintiff Shirley Younger is a citizen and resident of the State of

1

Tennessee. Plaintiff Shirley Younger had been married to David Younger for over forty-three (43) years at the time of his death on April 28, 2016.

3. Defendant Candelario Castillo is believed to be a citizen and resident of the State of Texas with a residential address of 815 Denver Street, Edinburgh, TX 78541.

4. Spirit Truck Lines, Inc., (hereinafter referred to as "Spirit Truck") is a foreign corporation having a principal office located at 200 W. Nolana, P.O. Box 87, San Juan, TX 78589, and was the owner, operator, and/or dispatcher of the 2014 Kenworth tractor trailer being driven by Defendant Candelario on April 28, 2016. Spirit Truck can be served through its agent for service of process, Raul Garza, 212 N. Raul Langoria & 1/8 mile on Earling, San Juan, TX 78589 and 200 Nolana Loop, San Juan, TX 78589.

## VENUE & JURISDICTION

5. Proper venue for this action lies in Hickman County, Tennessee pursuant to Tenn. Code Ann § 20-4-101-102 because the events giving rise to this Complaint occurred in Hickman County, Tennessee.

## RELEVANT FACTS GIVING RISE TO COMPLAINT

6. At approximately 9:21 a.m. on the morning on April 28, 2016, Defendant Castillo struck and killed David Younger in the westbound lanes of I-40.

7. David Younger was a Tennessee Department of Transportation (hereinafter "TDOT") Operations Technician 3.

8. David Younger had been working on a TDOT vehicle that had been

2

pulled to the right shoulder of I-40.

9. In total, there were three TDOT highway maintenance vehicles on the right shoulder of I-40.

10. Each of the three TDOT highway maintenance vehicles had warning signals activated on the right shoulder of I-40 by use of authorized flashing lights.

11. Defendant Castillo failed to observe the signals from the authorized flashing lights.

12. Defendant Castillo failed to proceed with due caution and/or yield the right-of-way

13. Defendant Castillo failed to make a lane change into a lane not adjacent to the highway maintenance vehicles.

14. Defendant Castillo swerved out of his lane of travel, crossed the white line into the right shoulder, struck a TDOT vehicle and then struck and killed David Younger.

15. Defendant Castillo was an employee and agent of Spirit Truck Lines and was driving a tractor trailer owned by Defendant Spirit Truck.

16. Authorities determined David Younger died at the scene of the collision although the exact time of his's death has not been determined.

### - Defendant Castillo -

17.     Plaintiffs herein incorporate Paragraphs 1-16 of the Complaint by reference and as if specifically plead.

## Negligence of Defendant Castillo

18. Defendant Castillo was negligent in the following ways:

    (a) Castillo failed to keep a proper lookout ahead;

    (b) Castillo failed to avoid a collision when in the exercise of reasonable care he could have done so;

    (c) Castillo operated the vehicle with a complete disregard for the safety of users of the roadway, including Plaintiff-decedent, David Younger;

    (d) Castillo was travelling at a high rate of speed in excess of the posted limits and in respect to the road conditions in existence at the time and place of the collision;

    (e) Castillo failed to inspect and investigate the truck's mechanical condition, which caused or contributed to losing control of the vehicle;

    (f) Castillo was driving in a manner that demonstrated wanton and reckless disregard for the safety of others, including the Plaintiff-decedent, David Younger;

    (g) Castillo failed to take action necessary that was apparent, or in the exercise of reasonable and ordinary care would have been apparent, that a collision was about to occur;

    (h) Castillo failed to maintain his vehicle in the proper lane when he left his lane of travel and crossed into the emergency lane.

## Per Se Negligence

19. Defendant Castillo was then and there guilty of negligence per se in that he violated one or more of the statutes and ordinances, including, but not limited, to the following:

(A) Tenn. Code Ann. § 55-8-132. **Emergency vehicles; right of way; penalty.** - "(c) Upon approaching a stationary recovery vehicle, highway maintenance vehicle, solid waste vehicle, or utility service vehicle, when the vehicle is giving a signal by use of authorized flashing lights, a person who drives an approaching vehicle shall:

(1) Proceeding with due caution, yield the right-of-way by making a lane change into a lane not adjacent to the stationary recovery vehicle, highway maintenance vehicle, solid waste vehicle, or utility service vehicle if possible with due regard to safety and traffic conditions, if on a highway having at least four (4) lanes with not less than two (2) lanes proceeding in the same direction as the approaching vehicle; or

(2) Proceeding with due caution, reduce the speed of the vehicle, maintaining a safe speed for road conditions, if changing lanes would be impossible or unsafe. . .."

(B) Tenn. Code Ann. § 55-8-123. **Traffic Lanes.** - "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that

the movement can be made with safety;"

(C) Tenn. Code Ann. § 55-10-205. **Reckless Driving.** - "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving;"

(D) Tenn. Code Ann. § 55-8-136. **Due Care.** – "[E]very driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle . . ..".

(E) Negligent and/or Reckless Homicide under Tenn. Code Ann. § 39-11-302. Definitions "(c) 'Reckless' refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint. (d) 'Criminal negligence' refers to a person who acts with criminal negligence with respect to the circumstances surrounding that

6

person's conduct or the result of that conduct when the person ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint."

### - Defendant Spirit Truck -

20. Plaintiffs herein incorporate Paragraphs 1-19 of the Complaint by reference and as if specifically plead.

### *Per Se Negligence and Negligence of Defendant Castillo is Imputed to Defendant Spirit Truck*

21. At the time and place of the collision, Defendant Castillo was an employee and agent of and acting on behalf of and in the course and scope of his employment with Defendant Spirit Truck, who was the registered owner of the tractor and trailer involved in the collision and said corporate Defendant is responsible and vicariously liable and/or liable under the doctrine of *respondeat superior* for the acts and omissions of Defendant Castillo.

### *Negligent Oversight*

22. Prior to the accident described herein, Defendant Spirit Truck was negligent in failing to properly screen at hiring, train, monitor or discipline

Defendant Castillo in the operation of the vehicle as required by applicable federal motor carrier safety regulations, the Interstate Commerce Act, and the regulations of the Tennessee Public Safety Commission, the Tennessee Department of Safety, and the Tennessee Department of Transportation. This negligence was a direct and proximate cause of the accident and all resulting injuries, including the Plaintiffs' injuries and losses.

## CLAIMS FOR ECONOMIC, NON-ECONOMIC AND PUNITIVE DAMAGES PURSUANT TO T.C.A. § 29-39-104

23. Plaintiffs herein incorporate Paragraphs 1-22 of the Complaint by reference and as if specifically plead.

### - Economic Damages -

24. As a direct and proximate result of Defendants negligence and negligence *per se*, David Younger was killed. As a result of his death Plaintiffs have suffered actual economic damages for funeral expenses; lost future earning capacity; lost future value of household work and domestic contribution; and necessary and reasonable medical costs incurred trying to save David Younger's life.

### -Non-Economic Damages -

25. As a direct and proximate result of Defendants negligence, negligence *per se*, and their criminally negligent and reckless conduct Plaintiffs suffered serious and catastrophic injuries, conscious shock,

8

conscious fright, pain and suffering, wrongful death and other non-economic damages in an amount greater than $1,000,000.00 in compensatory damages.

26. As a direct and proximate result of Defendants negligence, *negligence per se*, and their deliberate and reckless conduct, Plaintiff Shirley Younger suffered and continues to suffer serious and catastrophic injuries including loss of consortium and companionship with her husband, mental and physical suffering, stress, sadness, loss of enjoyment of life, and incurred damages resulting from the death of her husband, including the pecuniary value of David Younger's life in an amount greater than $1,000,000.00.

**PREMISES SEEN AND CONSIDERED, PLAINTIFF PRAYS:**

a. For proper process and summons to be issued and served upon all Defendants and that they be required to appear and answer this Complaint within the time required by law;

b. For a judgment award of actual, compensatory and punitive damages in an amount of at least Five Million Dollars ($5,000,000.00) for the wrongful and preventable death of David Younger as set forth herein in favor of Plaintiffs against Defendants;

d. For all costs to be taxed to Defendants, including prejudgment interest and discretionary costs;

e. For a jury of six (6) to be empanelled to hear this matter;

f. For such other further general relief to which Plaintiffs may be entitled.

Respectfully submitted,

HONEYCUTT, DOYLE & RICH, PLLC

BY: *(signature)*

**Mark W. Honeycutt II, BPRN 021527**
**David M. Rich, BPRN 023851**
Honeycutt, Doyle & Rich, PLLC
*Attorneys for Plaintiffs*
20 Music Circle East
Nashville, TN 37203-4338
(615) 244-0749
(615) 244-3296